## IN THE DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  JEANNE HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-2007-126-F |
| | ) | |
| 1. AMGEN, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS DURING THE PENDENCY OF
## ARBITRATION WITH AUTHORITY

**COMES NOW THE PLAINTIFF** and moves this Court to stay proceedings during the pendency of arbitration and shows this Court as follows:

1. The parties have reached an agreement to arbitrate the above entitled matter.

2. As part of that agreement, Plaintiff did not agree to a dismissal but rather to a stay of the proceedings pending arbitration.[1]  Ex 1(Plf's email and Def's response).

3. The normal course under the Federal Arbitration Act (FAA) is not dismissal but a stay of proceedings.

## ARGUMENT AND AUTHORITY

Plaintiff objects to dismissal of the action and shows this Court that the FAA does not provide for dismissal of actions but rather for a stay the proceedings pending completion of the arbitration.  In Plaintiff's view a stay (rather than dismissal) is compelled by the language of the FAA itself:

Section 3 of the FAA provides:
If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such

---

[1]Defense counsel states that he left a voicemail for Plaintiff's counsel the afternoon of February 19, 2007 requesting Plaintiff's counsel to call if she objected to a motion to dismiss, rather than a motion to stay.  Plaintiff's counsel never received this message, but in candor, states that her firm is experiencing problems with their voicemail system and does not dispute Defendants' claim.

arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

In accordance with the Supreme Court's instruction in **Green Tree**, we apply the 'the plain language of the statutory text' in interpreting the FAA. See 531 U.S. at 88 (holding that the plain meaning of the term 'final decision' in 9 U.S.C. § 16(a)(3) must be applied). Here, the plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration. . . .

*Lloyd v. Hovensa*, 369 F.3d 263, 269 (3d Cir. 2004).

*See also CPR (USA) Inc. v. Spray,* 187 F.3d 245, 253-54 (2d Cir.1999):

Spray is correct that § 3 [of the FAA] directs the district court, when referring claims to arbitration, to stay the underlying action and retain limited jurisdiction over post-arbitration proceedings. * * * [It is appropriate] to vacat[e] the dismissal [and] reinstat[e] the complaint [when] the district court, having concluded that the parties made an agreement to arbitrate, erroneously dismisses the complaint rather than staying proceedings under 9 U.S.C. § 3.

*Cf. Adair Bus Sales, Inc. v. Blue Bird Corp.,* 25 F.3d 953, 955 (10th Cir.1994) (review of an order compelling arbitration not normally appropriate because court should have stayed its proceedings during arbitration).

**WHEREFORE,** Plaintiff agrees to arbitration, but objects to a dismissal and suggests that the FAA only allows for a stay during the pendency of arbitration– not for dismissal– and therefore Plaintiff moves for a stay of the proceedings.

**RESPECTFULLY SUBMITTED this 6th day of MARCH, 2007.**

/s/Amber L. Hurst
Mark Hammons OBA #3784
Amber L. Hurst, OBA # 21231
HAMMONS, GOWENS & ASSOC.
325 Dean A. McGee
Oklahoma City, OK 73102
Telephone:  (405) 235-6100
Facsimile:   (405) 235-6111
E-Mail:      amberh@hammonslaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on the 6th day of MARCH, 2007, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Jeremy Tubb, OBA # 16739
Daniel P. Johnson, OBA # 20742
CROWE & DUNLEVY
A Professional Corporation
20 North Broadway
Suite 1800
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651
jeremy.tubb@crowedunlevy.com
daniel.johnson@crowedunlevy.com

ATTORNEYS FOR DEFENDANT                    /s/Amber L. Hurst_____